**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-CR-112 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| WILLIAM WALLER, et al., | |
| Defendant(s). | |

Presently before the court are the following motions in the matter of *USA v. Waller*, case no. 2:18-cr-00112-JCM-VCF-1:

(1) Defendant William Waller's ("defendant") first motion *in limine*. (ECF Nos. 25, 43). The United States of America ("the government") filed a response. (ECF No. 49). Defendant has not filed a reply, and the time to do so has passed.

(2) Defendant's second motion *in limine*. (ECF Nos. 26, 44). The government filed a response. (ECF No. 48). Defendant has not filed a reply, and the time to do so has passed.

(3) The government's first motion *in limine*. (ECF No. 28). Defendant filed a response (ECF No. 50), to which the government replied. (ECF No. 54).

(4) The government's second motion *in limine*. (ECF No. 30). Defendant filed a response. (ECF No. 53). The government has not filed a reply, and the time to do so has passed.

(5) The government's third motion *in limine*. (ECF No. 31). Defendant filed a response. (ECF No. 52). The government has not filed a reply, and the time to do so has passed.

(6) The government's fourth motion *in limine*. (ECF No. 33). Defendant filed a response. (ECF No. 51). The government has not filed a reply, and the time to do so has passed.

## I. Facts

Jury trial in this case is set for Monday, March 11, 2019. (ECF No. 64). Defendant has been indicted on five counts pursuant to the United States Tax Code: "evasion of payment" in violation of 26 U.S.C. § 7201; "attempting to interfere with administration of internal revenue laws" in violation of 26 U.S.C. § 7212(a); two counts of "willful failure to file return" in violation of 26 U.S.C. § 7203; and "false statements on a loan application" in violation of 18 U.S.C. § 1014. (ECF No. 1).

The court now considers the parties' various motions *in limine*.

## II. Legal Standard

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion."). "[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

**James C. Mahan**
**U.S. District Judge**

"Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013).

**III. Discussion**

*a. Defendant's first motion in limine*

Defendant moves for the court to exclude at trial documents identified as "Accounts Transcripts and Certificates of Assessments and Payments (Forms 4340)" (the "transcripts and certificates"). (ECF No. 43 at 1). Defendant asserts that these documents do not constitute "public records," and thus cannot be admitted into evidence pursuant to Federal Rule of Evidence ("FRE") 803(8) (public records exception to the hearsay rule). *See* Fed. R. Evid. 803(8).

In response, the government asserts that the transcripts and certificates at issue are kept in the regular course of IRS business, and are thus admissible pursuant to Rule 803(8). (ECF No. 49 at 2). Moreover, the government argues that the Ninth Circuit has already held that these types of documents are admissible as public records. *Id. See United States v. Neff,* 615 F.2d 1235, 1242 (9th Cir. 1980).

In light of *Neff*, the court agrees. *See Neff,* 615 F.2d at 1242 ("We hold that the IRS Certificate of Assessment and Payments was admissible under the Rule 803 . . . exception to the hearsay rule."). Therefore, absent a showing of any other deficiency pursuant to the Federal Rules of Evidence, the court will deny defendant's motion *in limine* as to the transcripts and certificates.

*b. Defendant's second motion in limine*

In defendant's second motion, defendant requests that the court prohibit the government from making statements or arguments at trial that "directly or indirectly[] appeal to the jury's prejudices, emotions[,] or pecuniary interests." (ECF No. 44). Defendant asserts that the government may attempt to label him as a "tax protestor," thereby causing the jury to be unfairly prejudiced against defendant for his alleged failure to pay his "fair share" in taxes. *Id.*

James C. Mahan
U.S. District Judge

- 3 -

In response, the government asserts that the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, and the Ninth Circuit's Pattern Jury Instructions are "sufficient safeguards to prevent the prejudice" about which defendant is concerned. (ECF No. 48). Moreover, the government argues that defendant's rights may be sufficiently protected through live objections throughout the course of trial. *Id.*

The court agrees with the government that live objections are sufficient to protect defendant's rights with respect to these types of statements. Indeed, without the context of trial, the court is unable to determine whether such statements, if any, should be excluded from trial. *See Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013). Moreover, defendant has not cited any Federal Rule of Evidence pursuant to which such statements must be excluded. *See* (ECF No. 44). Accordingly, defendant's second motion *in limine* is denied.

    *c. The government's first motion in limine*

In its first motion, the government requests that the court prohibit defendant from introducing "evidence" of his disagreement with the tax laws of the United States. (ECF No. 28). The government argues that such arguments would "serve only to confuse the issues, mislead the jury, cause undue delay," and waste the court's time, in contravention of FRE 403. *Id.*

Moreover, the government argues that defendant should be prohibited from presenting evidence that is irrelevant to a "good-faith" defense. *Id.* Indeed, the government anticipates that defendant may argue that he had a "good-faith belief that the Internal Revenue Code did not apply to him and that his conduct was legal." *Id.* The government cites the United States Supreme Court case, *Cheek v. United States*, for the proposition that a defendant may not argue that his decisions were made in good faith because he believed that the tax laws were unconstitutional. (ECF No. 28 at 3). *See Cheek v. United States*, 498 U.S. 192, 202 (1991).

Accordingly, the government moves for the court to exclude any evidence that "the defendant believes or believed that the tax code is unconstitutional, that he disagrees with the tax laws or believe they are invalid, that he is not subject to the jurisdiction of the United Sates, that

the IRS does not have the authority to assess and collect taxes, or similar arguments." (ECF No. 28 at 4).

In response, defendant cites the Ninth Circuit in *United States v. Powell*, which held:

> The Supreme Court in *Cheek* held that "forbidding the jury to consider evidence that might negate willfulness would raise a serious question under the Sixth Amendment's jury trial provision." *Cheek*, 111 S. Ct. at 611. Although a district court may exclude evidence of what the law *is or should be*, see *United States v. Poschwatta,* 829 F.2d 1477, 1483, 60 A.F.T.R.2d 5794 (9th Cir. 1987), *cert. denied*, 484 U.S. 1064, 98 L. Ed. 2d 989, 108 S. Ct. 1024 (1988), it ordinarily cannot exclude evidence relevant to the jury's determination of what a defendant thought the law was in § 7203 cases because willfulness is an element of the offense. In § 7203 prosecutions, statutes or case law upon which the defendant claims to have *actually relied* are admissible to disprove that element if the defendant lays a proper foundation which demonstrates such reliance. *See United States v. Harris*, 942 F.2d 1125, 1132, 68 A.F.T.R.2d 5482 n.6 (7th Cir. 1991); *United States v. Willie*, 941 F.2d 1384, 1391-99, 68 A.F.T.R.2d 5083 (10th Cir. 1991).

*United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir. 1991).

Therefore, in light of *Powell*, defendant argues that he should be allowed to fully testify regarding his intent in order to establish a "good-faith" defense. (ECF No. 50 at 9).

The court finds that the holdings in *Cheek* and *Powell* are not mutually exclusive. While the Supreme Court held in *Cheek* that a defendant may not present evidence demonstrating his belief that the tax laws are unconstitutional in order to establish a "good-faith" defense, the Ninth Circuit in Powell clarified that a defendant may present evidence demonstrating his subjective belief that certain tax laws did not apply to him. *Compare Cheek*, 498 U.S. at 202, *with Powell*, 955 F.2d at 1214.

The court will therefore grant the government's motion with respect to any arguments by defendant that the tax laws of the United States are unconstitutional or otherwise invalid, and deny the government's motion with respect to arguments related to defendant's subjective belief that the tax laws at issue in this case did not apply to him.

 *d. The government's second motion in limine*

The government moves for the court to prohibit defendant from admitting his own out of court statements as evidence in this trial, including those made to Internal Revenue Service ("IRS") Revenue Agents and Officers. (ECF No. 30). Moreover, the government asserts that defendant should also not be permitted to offer his own written or recorded out of court statements "absent a

showing that the United States created a misleading impression by offering another part of those statements out of context." *Id.*

Hearsay is defined as an out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). Hearsay is not admissible evidence, absent a showing that the out-of-court statement falls under an applicable exception. Fed. R. Evid. 802–803.

Accordingly, the court will grant the government's second motion *in limine*, and will exclude defendant's out-of-court statements unless he can demonstrate that such statements fall under one of the hearsay exceptions provided by FRE 803.

e. *The government's third motion in limine*

Next, the government moves for the court to prohibit defendant from making reference to the potential sentence (or other penalties) that may be imposed upon defendant if he were to be convicted at trial. (ECF No. 31).

"It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992). *See also Shannon v. United States*, 512 U.S. 573, 579 (1994).

Because references to a criminal defendant's potential sentence or other penalties are plainly inadmissible for consideration by a jury, the court will grant the government's third motion *in limine*.

f. *The government's fourth motion in limine*

Finally, the government moves *in limine* for a sequestration order excluding all witnesses from trial, except when testifying, with two exceptions: first, IRS Special Agent Brian Peng, the case agent assigned to this case; and second, IRS Revenue Agent Christina Rikke, who may testify as a summary witness for the government. (ECF No. 33).

The government cites Federal Rule of Evidence 615 for the general rule that witnesses must be excluded from trial so that they may not hear the testimony of other witnesses. *See* Fed. R. Evid. 615. However, the government notes two exceptions to the general rule: first, officers or employees of a party that is not a natural person, after being designated as the party's

representative; and second, a person whose presence a party shows to be essential to presenting the party's claim or defense. Fed. R. Evid. 615(b)–(c).

The government asserts that Peng and Rikke fall under these exceptions to the general rule. (ECF No. 33). Defendant does not object to the government's motion and acknowledges that these witnesses are not subject to exclusion pursuant to Rule 615. (ECF No. 51).

Accordingly, the court will grant the government's fourth motion *in limine*.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's first motion *in limine* (ECF Nos. 25, 43) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's second motion *in limine* (ECF Nos. 26, 44) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the government's first motion *in limine* (ECF No. 28) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that the government's second motion *in limine* (ECF No. 30) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the government's third motion *in limine* (ECF No. 31) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that the government's fourth motion *in limine* (ECF No. 33) be, and the same hereby is, GRANTED.

DATED March 7, 2019.

_____
UNITED STATES DISTRICT JUDGE