UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:18-CR-112 JCM (VCF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| WILLIAM WALLER, et al., | |
| Defendant(s). | |

Presently before the court is the United States of America's ("the government") motion *in limine*. (ECF No. 88). Defendant William Waller ("defendant") has not filed a response.

**I.   Facts**

Jury trial in this case is set for Monday, March 11, 2019. (ECF No. 64). Defendant has been indicted on five counts pursuant to the United States Tax Code: "evasion of payment" in violation of 26 U.S.C. § 7201; "attempting to interfere with administration of internal revenue laws" in violation of 26 U.S.C. § 7212(a); two counts of "willful failure to file return" in violation of 26 U.S.C. § 7203; and "false statements on a loan application" in violation of 18 U.S.C. § 1014. (ECF No. 1).

The court now considers the government's latest motion *in limine*. (ECF No. 88).

**II.   Legal Standard**

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

**James C. Mahan**
**U.S. District Judge**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion."). "[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

"Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013).

**III. Discussion**

In its motion, the government moves for the court to prohibit defendant from introducing evidence related to or constituting the following: newspaper clippings and advertisements, Internal Revenue Service ("IRS") publications, IRS regulations, a written statement by Mr. John Turner, and IRS data relating to defendant's income tax filing history for the years 1998 through 2008. (ECF No. 88 at 2). The government also moves for the court to preclude defendant from calling as witnesses Joe Banister, John Turner, and Victoria Osborne, for the purpose of testifying as to their individual interpretations of the tax laws of the United States. *Id.* at 4.

James C. Mahan
U.S. District Judge

- 2 -

The government argues that such exhibits and witness testimony present a "significant danger" of confusing and misleading the jury as to the nature and applicability of the tax laws of the United States in contravention of Federal Rule of Evidence ("FRE") 403. *Id.* at 2. The government asserts that admission of such documents or testimony that purport to state the law could "easily obfuscate the relevant issue and tempt the jury to speculate that the mere existence of documentary or testimonial support for the defendant's position negates his independent knowledge that he has a legal duty." *Id.* at 4. The government also argues that such testimony violates the rule against hearsay and does not fall within any recognized exception to the rule against hearsay pursuant to FRE 803. *Id.* at 3.

In further support of its motion, the government cites persuasive authority from the Seventh Circuit, *United States v. Latham*, 754 F.2d 747 (7th Cir. 1985). In *Latham*, the Seventh Circuit held that the trial judge properly admitted into evidence portions of certain writings that the defendant had quoted during his testimony, "since those portions specifically addressed claiming exempt status on W-4 forms and the taxpayer's duty to file tax returns—the relevant issues at trial." *Latham*, 754 F.2d at 751. However, the Seventh Circuit also held that the trial judge properly excluded the full text of the writings, as the full texts contained only general criticisms of the tax code and did not relate to the relevant issues in the case. *Id.* The Seventh Circuit held that the trial judge properly excluded exhibits of only slight probative value, as they may have confused or misled the jury. *Id.* (citing Fed. R. Evid. 403).

The Ninth Circuit clarified the types of evidence to be permitted in § 7203 cases (such as the instant case) in *United States v. Powell*, 955 F.2d 1206 (9th Cir. 1991). In *Powell*, the Ninth Circuit noted in dicta that a court "ordinarily cannot exclude evidence relevant to the jury's determination of what a defendant thought the law was in § 7203 cases because willfulness is an element of the offense. *Id.* at 1214.

However, in § 7203 prosecutions, only "statutes or case law upon which the defendant claims to have *actually relied* are admissible to disprove that element if the defendant lays a proper foundation which demonstrates such reliance." *Id.* "Legal materials upon which the defendant does not claim to have relied, however, can be excluded as irrelevant and unnecessarily confusing

because only the defendant's subjective belief is at issue: the court remains the jury's sole source of the law." *Id.* Nevertheless, the court may instruct the jury that any legal materials admitted at trial are relevant only to the defendant's state of mind and may give limiting instructions to the jury to that effect. *Id.*

In light of this persuasive authority, the court will grant the government's motion and preclude defendant from examining any witnesses or presenting any writings, articles, or other documentary exhibits that question the legitimacy of the tax laws of the United States. However, to the extent that defendant can demonstrate actual reliance upon *legal materials* (cases, statutes, published IRS regulations and memos, etc.) in reaching his conclusion that the tax laws at issue did not require him to file his tax returns or otherwise pay his tax assessments, the court will allow defendant to present only the portions of such materials upon which defendant relied in making that determination. *See Powell,* 955 F.2d at 1214.

Moreover, the court also hereby precludes defendant from examining Banister, Turner, and Osborne (or cross-examining government witnesses) as to their lay opinions regarding defendant's purported "good-faith beliefs." As the government notes, such testimony calls for speculation regarding defendant's state of mind, and FRE 701 precludes testimony of this nature by lay people. *See* Fed. R. Evid. 701.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's motion *in limine* (ECF No. 88) be, and the same hereby is, GRANTED, consistent with the foregoing.

DATED March 12, 2019.

_____
UNITED STATES DISTRICT JUDGE