UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:18-cr-00112-JCM-VCF |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| WILLIAM WALLER, | |
| Defendant. | |

Presently before the court is defendant William Waller's ("defendant") motion for bond.[1] (ECF No. 112). The United States of America ("the government") filed a response (ECF No. 114), to which defendant replied (ECF No. 116).

**I.     Facts**

On March 18, 2019, following a jury trial, defendant was found guilty of one count of Attempt to Evade or Defeat Tax in violation of 26 U.S.C. § 7201, and two counts of Willful Failure to File a Return in violation of 26 U.S.C. § 7203. (ECF No. 104). At the conclusion of trial, the court remanded defendant to custody pending sentencing, which is currently set for June 21, 2019. (ECF No. 102).

On April 1, 2019, defendant filed the instant motion for release pending sentencing. (ECF No. 112).

**II.    Legal Standard**

Under 18 U.S.C. § 3143(a), a criminal defendant who has been found guilty and is awaiting sentencing for a crime for which a term of imprisonment is recommended by the sentencing guidelines must be detained pending sentencing unless:

---

[1] Based on the substance of the motion, the court construes defendant's motion as a motion for release pending sentencing. *See* (ECF No. 112).

(A)
  (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
  (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a).

The factors the court considers when making the determination of whether a person is "likely to flee or pose a danger to the safety" of the community are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history of the person, including [] the person's character, physical and mental condition, family ties, employment, financial resources, length of residency in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

### III. Discussion

The parties' main focus in briefing the instant motion, and indeed the court's primary concern, is the extent to which defendant poses a risk of flight prior to sentencing. *See* (ECF Nos. 112, 114). Defendant lists a number of factors that purportedly demonstrate by clear and convincing evidence that he does not pose a flight risk prior to sentencing.

First, defendant notes his 34-year residency in Las Vegas, his relationship with his step-sons and grandchildren, and his 25-year career in the Las Vegas real estate business as evidence of his ties to the community. (ECF No. 112).

Next, defendant submits that he is willing to be subject to home confinement with GPS monitoring, post as bond a home owned by his wife, surrender his passport, and abide by any terms of supervision recommended by the probation office in exchange for pre-sentence release. *Id.* These conditions, defendant asserts, will ensure that he does not abscond prior to sentencing. *Id.*

///

Finally, defendant argues that his appearance at all prior court dates in this matter militate in favor of a finding that he does not pose a flight risk, post-conviction. *Id*. The court will address each of defendant's arguments in turn.

    *a.    Defendant's ties to the community*

Defendant argues that he has longstanding ties to the Las Vegas community. (ECF No. 112 at 3–4). These ties include his wife, step-sons, twin grandchildren, and real estate business. *Id.* Additionally, defendant submits that he is responsible for transferring his current listings and management portfolio to another real estate broker in light of his conviction but is unable to do so from the detention center, where he is currently housed. *Id.*

First, the court will not consider defendant's obligation to transfer his listings and management portfolio as evidence in this matter. The court finds that this is irrelevant to defendant's argument as to whether he poses a risk of flight prior to sentencing, which is the court's primary task in resolving the instant motion.

As to defendant's personal and family ties to the community, the court finds that defendant has not demonstrated ties sufficient to mitigate any potential risk of flight. Indeed, defendant has no children of his own and his step-children are grown. (ECF No. 110 at 14) (trial transcript).

Additionally, defendant's willingness to knowingly break the law for approximately 20 years undermines his desire to remain with his family. Indeed, defendant has dedicated a major portion of his life to evading his tax obligations, thereby subjecting himself and his family to all of the risks attendant to violating the law. The court sees little reason why defendant would suddenly place his family's need above his own self-interest, as the period of time preceding sentencing is ostensibly defendant's last chance to successfully avoid his tax obligations (and the prison sentence that awaits him).

Finally, defendant has not demonstrated that his career in real estate will prevent him from absconding. Indeed, defendant's occupation is dependent upon business licenses issued by the State of Nevada, which may be subject to revocation because of his criminal conviction. *See* (ECF No. 114 at 8, n.6).

### b. *Defendant's offer to post bond, surrender his passport, and submit to location monitoring*

Defendant has offered to be subject to a number of pre-sentence conditions that he argues will obviate any risk of flight prior to sentencing. However, defendant's conduct with respect to his underlying conviction convinces the court that defendant is not inclined to abide by court-imposed conditions. For the past 20 years, defendant has brazenly defied the tax laws of the United States despite multiple warnings by the IRS and various courts. He has gone to great lengths to ensure that the IRS is unable to reach his assets and has abused the legal process in his attempts to avoid his tax liability.

Accordingly, given the extreme risks and extraordinary measures that defendant has taken to avoid paying his tax obligations, the court is hard-pressed to believe that a GPS monitoring bracelet (or any other court-imposed condition) could serve as the linchpin to keeping defendant in this district long enough to finally confront the consequences of his actions. *See* 18 U.S.C. § 3142(g)(3).

### c. *Defendant's prior appearance record*

Defendant argues that his good record of attendance before the court in this matter serves as evidence that he will continue to make his scheduled appearances and not abscond before sentencing. (ECF No. 112).

While it is true that defendant has made all of his required appearances thus far, he did so while there still remained hope that he would ultimately be acquitted on the charges against him. Now that there is no longer any chance of acquittal, an important incentive for defendant to appear in court is gone. Defendant faces a sentencing guideline range of at least 41 to 51 months imprisonment, not accounting for any adjustments or enhancements that the government may pursue. (ECF No. 114 at 5–6).

Moreover, at sentencing, the government "will ask the court to order the defendant to pay the IRS all of the taxes, penalties, and interest that the defendant willfully failed to pay" for the past 20 years. (ECF No. 114 at 6). Therefore, defendant's sentencing hearing will serve as the court's final rebuke of defendant's conduct over the past two decades, and defendant has not demonstrated by clear and convincing evidence that he intends to be present to face the

consequences of his concerted efforts.

Because the court has not found by clear and convincing evidence that defendant is unlikely to flee prior to sentencing, the court need not address whether there is a substantial likelihood that a motion for acquittal or new trial will be granted. *See* 18 U.S.C. § 3143(a). Defendant's motion is denied.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for presentence release (ECF No. 112) be, and the same hereby is, DENIED.

IT IS SO ORDERED.

DATED THIS 17th day of April 2019.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE