# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-CR-112 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| WILLIAM WALLER, et al., | |
| Defendant(s). | |

Presently before the court is defendant William Waller's ("defendant") motion for acquittal. (ECF No. 113). The United States of America ("the government") filed a response (ECF No. 117), to which defendant replied (ECF No. 119).

**I.  Facts**

Defendant was charged by way of a criminal indictment filed on April 17, 2018. (ECF No. 1). The five-count indictment charged defendant with the following tax crimes: evasion of payment (count one), attempting to interfere with administration of internal revenue laws (count two), willful failure to file a return (counts three and four), and false statements on a loan application (count five). *Id.*

The parties proceeded to trial on March 11, 2019. (ECF No. 91). Following the close of the government's case, defendant made an oral motion for acquittal on the basis of improper venue. (ECF No. 119 at 2). At this time, defendant also made an oral motion for acquittal. *Id.* The court denied the motion for acquittal and declined to entertain defendant's argument regarding venue, noting that any motion regarding venue was untimely.

At the close of evidence for both sides, the parties were given the opportunity to make objections to the jury instructions and propose additional instructions. (ECF No. 100). Defendant

**James C. Mahan**
**U.S. District Judge**

neither submitted nor requested a jury instruction regarding proper venue at that time. Accordingly, the court did not submit to the jury the issue of venue.

On March 18, 2019, the jury reached its verdict, finding defendant guilty on counts one, three, and four. (ECF No. 102). The jury failed to reach a verdict on counts two and five. *Id.* On April 1, 2019, defendant filed the instant motion for acquittal pursuant to Federal Rule of Criminal Procedure 29. (ECF No. 113).

## II. Legal Standard

A defendant may move for a judgment of acquittal, or renew such a motion, within fourteen days after a guilty verdict. Fed. R. Crim. P. 29(c). Such a motion is reviewed for sufficiency of the evidence. *United States v. Stoddard*, 150 F.3d 1140, 1144 (9th Cir. 1988).

"The standard of review for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Inzunza*, 638 F.3d 1006, 1013 (9th Cir. 2009) (emphasis in original) (internal quotation marks omitted) (citing *Jackson v. Virginia*, 443 U.S. 307, 318 (1979) (explaining that "the critical inquiry" is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt")).

"[The] district court must bear in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002). "Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." *United States v. Reyes-Alvarado*, 963 F.2d 1184, 1188 (9th Cir. 1992).

## III. Discussion

Defendant's motion raises two distinct arguments in favor of acquittal. First, defendant argues that venue in this district was improper as to counts three and four. (ECF No. 113 at 2). Second, defendant argues that the evidence presented at trial was insufficient to support his conviction on count one. *Id.* at 5–14. The court will address each of these arguments in turn.

. . .

*a. Venue*

As a preliminary matter, the court acknowledges that venue is typically "a question of fact that the government must prove by a preponderance of the evidence." *United States v. Lukashov*, 694 F.3d 1107, 1120 (9th Cir. 2012). However, the court will instruct the jury on venue only when such an instruction is properly requested. *See id.* As will be discussed *infra*, the court finds that defendant waived any objection to venue in this case.

*i. Venue is proper at the defendant's place of residence*

Defendant argues that venue in this district was improper because the IRS Restructuring and Reform Act of 1998 (the "Reform Act") abolished the internal revenue districts where defendant would have otherwise been required to file his tax return pursuant to 26 U.S.C. § 6091. (ECF No. 113). Defendant argues that, absent an applicable internal revenue district, defendant would have been required to file his tax return with the appropriate IRS service center, which defendant avers is located in either Fresno or San Francisco, California.[1] (ECF No. 113 at 4). *See* 26 U.S.C. § 6091(b)(1)(A)(ii). Accordingly, defendant reasons, because there is neither an internal revenue district nor an IRS service center located in Nevada, venue in this district was improper. (ECF No. 113 at 4).

The Ninth Circuit has held that venue for failure to file a tax return is proper at "the defendant's place of residence." *Hicks*, 947 F.2d at 1361. *See also Clinton,* 574 F.2d at 465. It is uncontroverted that defendant has lived in Las Vegas since 1995, and the crimes for which defendant was convicted spanned the years 2004 to 2012. Accordingly, venue in the District of Nevada was proper.

Moreover, defendant has failed to cite a single case from any circuit or district court holding that the Reform Act altered the prevailing standard for determining proper venue in "failure to file" cases as set forth by *Hicks*. The court therefore declines the opportunity to contradict the Ninth Circuit's authoritative case law on the matter. Accordingly, defendant is not entitled to relief based on this argument.

---

[1] It is undisputed that there are no IRS service centers in Nevada.

**James C. Mahan
U.S. District Judge**

- 3 -

### ii. *Defendant waived his objection to venue*

Next, even if defendant could demonstrate that venue in this district was improper, the court finds that he waived his objection by failing to make a motion, or otherwise raise the issue, prior to the close of the government's case in chief. *Hanson v. United States*, 285 F.2d 27, 28 (9th Cir. 1960) ("The general rule has long been that an objection as to venue must be raised before the government has completed its case.").

Federal Rule of Criminal Procedure 12(b)(3) requires that motions alleging improper venue must be raised prior to trial if the basis for the objection is then reasonably available. *See* Fed. R. Civ. P. 12(b)(3). The Ninth Circuit grants defendants a broader opportunity to challenge venue, as it has held that where a "defect in venue is clear on the face of the indictment, a defendant's objection must be raised before the government has completed its case." *United States v. Ruelas-Arreguin*, 219 F.3d 1056, 1060 (9th Cir. 2000) (citing *Hanson v. United States*, 285 F.2d 27, 28 (9th Cir. 1960)). The court finds defendant has failed to satisfy either rule.

Indeed, under counts three and four of the indictment, the government specifically alleges that defendant "did willfully fail . . . in the District of Nevada and elsewhere, to make an income tax return." (ECF No. 1 at 5–6). However, as the court has already discussed, defendant argues that venue in Nevada for the crime of willful failure to file pursuant to 26 U.S.C. § 7203 is a legal impossibility under any circumstances.

Therefore, based on his own interpretation of the law (which the court rejects), any allegation of venue in Nevada on the face of the complaint should have placed defendant on notice of his basis to object to venue from the outset of this case. Accordingly, because defendant waited until after the government closed its case to raise his objection, that objection is waived and defendant is not entitled to relief on those grounds.

. . .

. . .

. . .

. . .

. . .

b. *Sufficiency of the evidence*

Finally, defendant asserts that he is entitled to acquittal because the evidence presented by the government is insufficient to support a conviction for the crime of tax evasion under 26 U.S.C. § 7201.[2]

To secure a conviction under 26 U.S.C. § 7201, the government must prove beyond a reasonable doubt the following elements: (1) "defendant owed federal income tax for the calendar years 2004 through 2009"; (2) "defendant knew that federal income tax was owed"; (3) "defendant made an affirmative attempt to evade or defeat such tax;" and (4) "in attempting to evade or defeat such tax, the defendant acted willfully." (ECF No. 106 at 20) (jury instructions). *See United States v. Kayser*, 488 F.3d 1070, 1073 (9th Cir. 2007) (citing *United States v. Marabelles*, 724 F.2d 1374, 1378-79 (9th Cir. 1984). *See also* Ninth Cir. Manual of Model Jury Instr., Criminal 9.37 (2010).

Defendant challenges the sufficiency of the government's evidence regarding the "knowledge" element on two grounds. (ECF No. 113). First, defendant boldly asserts that it is "clear" that he never received the November 2013 notice of deficiency that the IRS mailed to him. *Id.* Therefore, according to defendant, the government cannot have established that defendant knew that he owed taxes for the relevant years. *Id.* Second, defendant argues that he has been unlawfully punished for his having exercised his statutory right to a collection due process hearing before the tax court. *Id.* The court will address defendant's arguments in turn.

First, defendant makes much ado about the November 2013 notice of deficiency, which he argues the government failed to prove he actually received. *Id.* Without such a showing, defendant argues, the government could not have proven the essential element that defendant knew he owed federal income taxes. *Id.*

However, defendant fails to cite any authority demonstrating that a valid notice of deficiency (that is actually received by the defendant) is the only means by which the government could have proven that defendant had knowledge that he owed taxes in the years 2004 through

---

[2] While defendant styles his argument as one rooted in the "sufficiency of the evidence" presented to the jury, defendant appears to rely on provisions of the tax code and case law to demonstrate that the government could not prove the "knowledge" element as a matter of law. *See generally* (ECF No. 113).

2009.  Instead, defendant cites three Ninth Circuit cases discussing the legal consequences of an invalid notice of deficiency, none of which relates to a criminal prosecution, much less the sufficiency of the evidence thereto.  *Id.* at 8.  *See Clodfelter v. C.I.R.*, 527 F.2d 754, 756 (9th Cir.1975); *Mulvania v. C.I.R.*, 769 F.2d 1376 (9th Cir. 1985); *Roszkos v. C.I.R.*, 850 F.2d 514, 517 (9th Cir. 1988).

Therefore, because defendant's argument regarding the purportedly unreceived November 2013 notice of deficiency is without merit, and because defendant does not challenge the sufficiency of the other evidence presented by the government that defendant knew he owed taxes from 2004 through 2009, defendant is not entitled to relief based on this argument.

Next, although his second argument is not a beacon of clarity, defendant appears to assert that he could not have "known" that he owed taxes until after the conclusion of his collection due process hearing, which he initiated in 2015.  (ECF No. 113).  Again, defendant has not cited any authority demonstrating that the initiation of a collection due process hearing is *per se* evidence that an individual does not know that he or she owes some amount in taxes.  *See id.*

Indeed, defendant described his efforts to defeat his tax delinquency via the collection due process hearing at trial.  *See, e.g.,* (ECF No. 110 at 64–68).  Nevertheless, after receiving the benefit of defendant's own testimony and assessing his credibility based thereon, the jury found that defendant did have the requisite knowledge that he owed taxes from 2004 through 2009, as evidenced by its final verdict.  (ECF No. 104) (jury verdict).  Accordingly, because defendant cannot demonstrate, as a matter of law, that his decision to pursue procedural remedies negates the element of "knowledge" in this case, the court sees no reason to disturb the jury's verdict on the matter.  *See Alacron-Simi*, 300 F.2d at 1176 ("[I]t is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences. . ."). Defendant's motion is denied.

. . .

. . .

. . .

. . .

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for acquittal (ECF No. 113) be, and the same hereby is, DENIED.

IT IS SO ORDERED.

DATED May 10, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -